## POWE'S ADMR'S *vs.* POWE ET AL.

[ACTION ON PROMISSORY NOTE BY PAYEE AGAINST MAKER.]

1. *Pleas which set up partial defense to action, defective.*—A plea which only alleges that there was an understanding or agreement that payment of the note sued on should be made in Confederate currency, is defective, as this fact does not of itself constitute a defense to an action brought on such note. The proper plan is, to allege the value of the Confederate currency, and set up a defense thereupon, not to the entire action, but to so much thereof as might be above the value of such currency at the time appointed for payment.

2. *Tender, in kind.*—In promises to pay in chattels, or in paper money of fluctuating value, a tender in kind of the thing stipulated to be paid, can only be made on the day appointed for payment, and can not be made before or after that day, to be effectual as a tender.

3. *Evidence; parol (under ordinance No. 26,) not admissible to change time of payment of written contract.*—The ordinance of the convention of 1865, (Ordinance No. 26,) does not authorize parol evidence, in contravention of the terms of a written contract, as to the time of payment.

4. *Damages; measure of, in contracts payable in Confederate currency.*—Where the understanding or agreement of the parties was that the note sued on, should be discharged in Confederate currency, the measure of the plaintiff's recovery would be the value of the stipulated amount of such currency at the time of maturity, and if it was of no value at that time, only nominal damages could be recovered.

APPEAL from the Circuit Court of Wilcox.
Tried before the Hon. JOHN K. HENRY.

THIS action was brought by Jesse G. Bradley and Mary
Powe, as administrators of C. S. Powe, deceased, against
Thomas A. Powe, John J. Longmire, and Wm. M. Long-
mire, and was commenced on the 26th February, 1866.
The cause of action was a promissory note made by the
defendants on the 4th day of January, 1864, payable two
years after date to plaintiff's as administrators, &c., for the
sum of nine thousand two hundred and eighty dollars, with
interest from date. The complaint was in the usual form
prescribed by the Code for payee of a note against maker.
The defendants pleaded several pleas; the second and third
were as follows: "2. For further answer they say that the
contract upon which their note was given was made between
the first day of September, 1861, and the first day of May,
1865, and that it was understood between the parties therto,
that the same should be discharged by a payment in Con-
federate currency, or treasury notes." "3. And for further
answer to said complaint, they say that they tendered to
the plaintiffs the amount due to them, to-wit: ten thousand
dollars, before the action was commenced, and now bring
the money into court; that they have always been ready
and willing to perform their contract with the plaintiffs,
and offered to do so before the action was commenced."
The plaintiffs demurred to these two pleas, but their de-
murrer was overruled. On the trial the defendants intro-
duced a witness, who stated that he was present at the sale
of the lands of the estate of C. J. Powe, (for the purchase-
money of which the note in controversy was given,) by the
plaintiffs as such administrators. Said witness was al-
lowed to testify against the objection of plaintiff, that at
said sale it was publicly announced, either by the auctioneer,
or by one of the plaintiffs, in answer to a question put to
him, that Confederate States treasury-notes would be re-
ceived from the purchaser in payment at any time after the
sale, and either before or after the purchase-money was
due, and to the introduction of this evidence plaintiff ex-
cepted. There was evidence introduced against the objec-

tion of plaintiff of the value of the land, for the purchase of which the note was given in good money, and to the introduction of this evidence plaintiff excepted. The court charged the jury, " that under the ordinance of the convention they were authorized to ascertain what the true consideration of the note was, and whether or not the parties understood or agreed by parol or otherwise, that the notes might be discharged by a payment in Confederate currency or treasury-notes, and if so, then they should ascertain what was the real and true value of the consideration of said contract, and what amount the plaintiffs were legally, equitably, and justly entitled to receive, according to the contract, and render a verdict accordingly, and that in ascertaining these facts parol evidence was competent, and should be looked to by the jury in connection with all the other evidence in the case." To this charge the plaintiffs excepted. The plaintiffs asked the court to give several charges, which were refused. On account of the rulings of the court the plaintiffs took a non-suit. They appealed to this court to have the same set aside, and assigned as error the rulings of the court on the demurrer, the admission of evidence, and the charge given, and in its refusal to give the charges asked.

PETERS & DAWSON, and COCHRAN & DAWSON, for appellants. S. J. CUMMINGS, *contra.*

A. J. WALKER, C. J.—The second plea was defective. The understanding or agreement that payment should be made in Confederate currency does not of itself constitute a defense to the action. It merely gives a right to reduce the recovery to the value of the stipulated sum in such currency at the maturity of the note. The defendant should have alleged the value of the Confederate currency, and set up a defense thereupon, not to the entire cause of action but only to so much thereof as might be above the value of such currency at the time appointed for payment.

2. The third plea conformed to the form prescribed in the Code, and was good. But we are of the opinion it was not sustained, unless the tender was made at the time of

maturity.  Whatever may be the law as to dry promises to pay that which is mere money, we are of the opinion that as to promises to pay in chattels or in paper money of fluctuating value, a tender in kind of the thing stipulated to be paid, could only be made on the day appointed for payment, and could neither be made before nor after that day.—*Rudolph v. Wagner*, 36 Ala. 698 ; 2 Parsons on Contracts, 642, 649, 655 ; Story on Prom. Notes, § 115, p. 118 ; Addison on Contracts, 1133 ; *Armstrong v. Tait*, 8 Ala. 635 ; *Day v. Lafferty*, 4 Ark. 450 ; *Duckham v. Smith*, 5 Mon. 372 ; *Smith v. Elder*, 7 Sm. *&.* M. 507 ; *Lamb v. Lathrop & Collins*, 13 Wend. 95 ; *Vance v. Blair*, 18 Ohio, 532.

3. The ordinance of the convention does not authorize parol evidence in contravention of the terms of the written contract as to the time of payment.  As the time of payment is specified in writing, we are of the opinion that no cotemporaneous parol agreement was admissible in evidence for the purpose of vesting the defendant with a right to deliver Confederate money in payment at a different time from that specified.—*Litchfield v. Falconer*, 2 Ala. 280.

4. If the defense under the plea of tender is not sustained, and if the understanding or agreement of the parties that the plaintiff's note should be discharged in Confederate currency be found by the jury, the measure of the plaintiff's recovery would be the value of the stipulated amount or sum of such currency at the time of maturity, and if it was of no value at that time, the plaintiff would only recover nominal damages.  We refer to our decision in *Kirtland v. Moulton*, at the present term, where the question is considered upon the reason and authorities.

Reversed and remanded.