—————O—————

WILLIAM RANDOLPH, Plaintiff in Error, *vs.* SAMUEL C. SLOAN, Defendant in Error.

1. *Practice, civil—Petition for review—Unauthorized appearance of counsel.—* Where there has been no personal service upon defendant and no appearance on his behalf of counsel thereto authorized by him, he has three years from date of the judgment, within which to petition for review.
2. *Judgments, setting aside of—Power of court.—*Courts may, in their discretion, set aside a final judgment at any time during the term at which it is rendered, on motion and *ex parte* affidavits.

*Error to Marion Circuit Court.*

*Lander & Drummond,* for Plaintiff in Error.

I. It is too late to move to set aside a judgment after final decree. (Wagn. Stat., 1052, §§ 4, 5; Matthews vs. Cook, 35 Mo., 286.)

The rule that courts may modify or set aside its entries during the term at which they are made, does not include the power to set aside judgments lawfully rendered, especially after the term has passed. (Ashly vs. Glasgow, 7 Mo., 423; Bartling vs. Jamison, 44 Mo., 141.)

*Anderson & Boulware,* for Defendant in Error.

I. The judgment is in the breast of the court, and becomes a finality only by the adjournment of the court. The action of the court in granting a motion made during the term of its rendition, to set aside a judgment, is discretionary, and not subject to be reviewed in an appellate court. (Freem. Judg., pp. 62, § 90, and cases cited in notes; Dougherty vs. President, etc., 53 Mo., 579, Harber vs. Pacific R. R. Co., 32 Mo., 425; Hill vs. St. Louis, 20 Mo., 587; Ashly vs. Glasgow, 7 Mo., 320.)

II. In this case there was neither personal service nor appearance of the defendant, and the judgment would not become absolute until the expiration of three years from its rendition.

SHERWOOD, Judge, delivered the opinion of the court.

The plaintiff, Wm. Randolph, alleged in his petition, in subtance, that Robert H. Sloan, the brother of the defendant, conveyed to the latter certain real estate, and that such conveyance was made with intent to hinder, delay and defraud creditors, etc.; that upon a judgment rendered in behalf of one Dunn against Robert H. Sloan, execution issued and a sale of the land thus conveyed took place; at which sale plaintiff became the purchaser, receiving a deed from the sheriff therefor, etc. The usual relief is then prayed for. The non-residence of the defendant having been alleged, publication was made, returnable to the next July term. At that term judgment by default was entered; which was followed at the next February term, by final decree as prayed for. Six days after this disposition of the case, the defendant by his attorneys filed his motion verified by affidavit, to set aside the interlocutory and final decrees, alleging that he had a good defense to plaintiff's action, etc. etc.; that defendant is, and was, at the time of suit brought, a non-resident, had no personal service, nor had he any actual notice of the suit until after the expiration of the previous term; that the names of Anderson & Boulware were entered as appearing at that term for defendant at the instance of Robert H. Sloan,

who thought he had some interest in the suit; that since the close of that term, defendant has employed said attorneys, and that they were still acting in that capacity; that on the first day of the then current term, the attorney of plaintiff was notified that a motion would be made to set aside the decree *nisi*; and as said attorneys of defendant were so closely engaged in the trial of a certain criminal cause, they employed another attorney to file said motion and believed he had done so, until upon hearing the record read on the day previous, they were convinced to the contrary. A counter affidavit was thereupon filed by plaintiff's attorney, reiterating the charges of the petition and making additional ones. The court sustained the motion of defendant, granted him leave to answer, and in doing so, entirely disregarded the counter affidavit, on the ground that the matter alleged therein involved the merits of the case, and could not be tried on the motion. The plaintiff, upon the occurrence of this ruling, abandoned the cause. The defendant afterwards, availing himself of the leave granted, filed his answer; and the plaintiff, at the next term thereafter, refusing to proceed with his cause when the same was called for trial, it was dismissed and the various rulings mentioned are assigned for error.

No error, however, has been perceived in those rulings. No authorized appearance of the defendant had ever been entered to the action, and consequently, he, under the circumstances mentioned in his affidavit, had three years after rendition of final judgment in which to file his petition for review. This being the case, and all the proceedings being in the breast of the court during the term in which final judgment was rendered, it was fully within its discretionary powers to pursue the course of action which it adopted. (Sloan vs. Forse, 11 Mo., 85.)

Judgment affirmed; all the judges concur.