7156

ROGERS v. MORRELL.

1. WILLS.—A will bequeathing "unto Hy W. Morrell and W. F., L. M. and Hazel S. Gilbert all my notes * * * to be equally divided between them," carries the property to them *per capita,* although the first named is a son and the three last named are grandchildren of testator.

2. IBID.—EVIDENCE.—If a will is not ambiguous in terms it is unnecessary to resort to testimony as to the surrounding circumstances in order to ascertain its meaning.

Before KLUGH, J., Spartanburg, October, 1908.   Affirmed.

Action by W. L. Rogers, executor, against H. W. Morrell, W. F. Gilbert, L. M. Gilbert and Hazel S. Gilbert. From Circuit order reversing judgment of probate court, defendant, H. W. Morrell, appeals.

*Messrs. Simpson & Bomar,* for appellant, cite: 2 Hill Ch., 41; 4 Ency, 9; 113 Mass., 341; 162 Pa. St., 372; 37 N. J. Eq., 73; 155 Mo., 314.

*Messrs. Wilson & Osborne,* contra, cite: 5 Cyc., 684; 1 Hill, 152, 311; 2 Hill Ch., 41; 10 Rich. Eq., 1; 12 S. C., 576; 1 Des., 237; Bail, 517; 29 S. C., 470.

April 9, 1909.  The opinion of the Court was delivered by

MR. JUSTICE JONES.  The appeal in this case involves the construction of a clause of the will of W. F. Morrell, deceased, which is as follows:

"* * * I further bequeath unto Hy. W. Morrell and W. F., L. M. and Hazel S. Gilbert all my notes, mortgages and moneys to be equally divided between them, also my cot or personal property, horse, cows or utensil of any kind to be sold to the highest bidder and the money equally divided between the legatees above named."

It appears that Henry W. Morrell is a son of the testator and that W. F. Gilbert, L. M. Gilbert and Hazel S. Gilbert are children of a predeceased daughter.

The question at issue between the parties, was whether the division of the property under the terms of the will should be *per stirpes* or *per capita.*  The probate court held that the division should be *per stirpes* because this construction would give full effect to the word "between," because the name of Henry W. Morrell is followed by the word "and," and because the Gilbert children are grouped together thus: "W. F., L. M. and Hazel S. Gilbert."

The Circuit Court reversed the probate court, holding that the word "between" was clearly intended to mean "among" and that the division should be *per capita.*

We agree with the Circuit Court. While it is true that in a strictly technical sense the word "between" implies a division between two persons or classes, yet frequently by the uneducated and colloquially, it is used in the sense of "among," especially is this true when it follows the word "divide" as in this instance. I Words and Phrases, 768. The notes, mortgages and moneys were "to be *equally divided between them,"* and the other personalty sold and *"equally divided between the legatees above named."* "Them" and "legatees above named" clearly refer to all the individuals designated as the persons among whom the equal division was to be made. The word *"and"* after the name "Henry W. Morrell" cannot have the effect of defeating this plain meaning of the will.

This case does not fall within the principle stated in *Cole* v. *Creyon,* 1 Hill Ch., 311, as in that case the bequest was to an ascertained individual and to a class of *unascertained* individuals, whereas in this case the individuals are ascertained and named.

The rule is well settled in this State, that if a devise be made to an individual, designated by name and to other individuals designed as a class, all the individuals take equally and *per capita* and not *per stirpes.* *Connor* v. *Johnson,* 2 Hill Ch., 44; *Dupont* v. *Hutchinson,* 10 Rich. Eq., 1; *Feemster* v. *Good,* 12 S. C., 576.

The will not being ambiguous in terms, it is unnecessary to resort to testimony as to the surrounding circumstances in order to ascertain its meaning, *Reynolds* v. *Reynolds,* 65 S. C., 390, 43 S. E., 878.

The judgment of the Circuit Court is affirmed.