[L. A. No. 4071. Department Two.—January 17, 1918.]

## S. P. BRADFORD, Appellant, v. FIDELITY SAVINGS AND LOAN SOCIETY (a Corporation), et al., Respondents.

VENDOR AND VENDEE—OPTION CONTRACT—ACTION BY VENDEE ON OPTION —EVIDENCE SUSTAINING FINDING OF INSUFFICIENCY OF TENDER.— In an action by a vendee against a vendor on a contract giving the vendee an option to purchase certain land, evidence examined and found sufficient to sustain findings that no tender was made.

ID.—TENDER—INSUFFICIENCY OF AMOUNT—WAIVER OF OBJECTION.— In an action by vendee against vendor on an option contract, while a failure of the vendor to object to the amount of a tender was a waiver of the objection that it was less than the amount required under the option, the court in considering the sufficiency of the tender was justified in considering that fact.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Wellborn, Judge.

The facts are stated in the opinion of the court.

William Schreider, for Appellant.

Tanner, Odell, Odell & Taft, and S. W. Odell, for Respondents.

WILBUR, J.—This is an appeal from the judgment.

The defendant corporation gave an option to purchase certain land to Milton K. Young, who was the attorney and trustee for the plaintiff. The exact amount to be paid under the option was not stated therein, but was to be determined with reference to certain moneys thereafter to be paid out by the defendant for the purchase of said land, the completion of a building thereon, and for the clearing of the title thereof. Within the time fixed by the provisions of said option the plaintiff and said Young gave defendant a written acceptance of said option and in general terms tendered the various amounts specified in the option in the same general terms as specified therein, and fixed the amount so tendered at $61,352.77. The court found that the amount actually due under the terms of said option at that time was over ninety-

one thousand dollars. Plaintiff did not have the money at the time of the written tender, but claims to have arranged to borrow sixty thousand dollars upon the land in question. The defendant declined to either accept or refuse said tender, but did object to considering merely "conversation" money. It is evident that plaintiff could not pay an obligation of ninety-one thousand dollars from said fund of sixty thousand dollars. He, however, claims that as no objection was made to the tender on the ground that the amount was insufficient that question cannot now be raised, and that he was not required to produce the money unless the tender was accepted. The evidence was sufficient to justify the finding that at the time said offer in writing was delivered to the defendant's agent "he demanded that the plaintiff produce and exhibit the money in cash." The court was justified in its further finding that "it is not true that the plaintiff is ready or willing or able to pay the defendant the sum of $61,352.77 or to comply with the terms of his said agreement." It is no doubt true that a failure to object to the amount of the tender was a waiver of the objection that it was less than the option required (Code Civ. Proc., sec. 2076), but in considering the sufficiency of the tender the court was justified in considering that fact. The estoppel only goes to the question of the sufficiency of the tender and does not at all affect the question of the amount to be actually paid. (*Latimer* v. *Capay Valley Co.,* 137 Cal. 286, [70 Pac. 82] ; *Colton* v. *Oakland Bank of Savings,* 137 Cal. 376, 383, [70 Pac. 225].) Under the circumstances the trial court was justified in finding that no tender was made (*Doak* v. *Bruson,* 152 Cal. 17, 21, [91 Pac. 1001] ; *Allen* v. *Chatfield,* 172 Cal. 60, 68, [156 Pac. 47] ; Civ. Code, sec. 1495), and that the amount actually due was over ninety-one thousand dollars.

Judgment affirmed.

Melvin, J., and Victor E. Shaw, J., *pro tem.,* concurred.