[Civ. No. 13918.  First Dist., Div. Two.  Aug. 5, 1949.]

ELIZABETH H. REULING, Appellant, v. CLAIRE W. SERGEANT, Respondent.

Hubbard & Hubbard for Appellant.

Charles A. Christin and Thomas J. Keegan for Respondent.

DOOLING, J.—Plaintiff purchased the furnishings and equipment of a guest house in Berkeley and took a lease upon the house in which the business was conducted from the defendant. The lease contained the following provision:

"That the Lessee will not assign this Lease, or any interest therein, without the written consent of the Lessor first had and obtained, but the Lessor agrees not to withhold his written consent to assign this Lease to anyone equally as financially and morally responsible as the Lessee herein named."

Plaintiff and a husband and wife named Campbell entered into a contract for the sale of such furnishings and equipment and the assignment of said lease to the Campbells. Defendant refused to execute a written consent to the assignment of the lease and the Campbells on that ground withdrew from their contract with plaintiff. Plaintiff thereupon sued defendant for damages for breach of covenant to consent to assignment. Judgment went for defendant and plaintiff appeals.

Respondent argues that there was no covenant by her to consent to an assignment which will support an action for damages, citing *Kendis* v. *Cohn,* 90 Cal.App. 41, 64 et seq. [265 P. 844], and several New York and English cases. Appellant counters that the language of this lease, "Lessor *agrees* not to withhold his written consent," imposes a contractual obligation which will support an action for damages for its breach. (*Underwood Typewriter Co.* v. *Century Realty Co.,* 220 Mo. 522 [119 S.W. 400, 25 L.R.A.N.S. 1173]; *Hedgecock* v. *Mendel,* 146 Wash. 404 [263 P. 593]; *Broad & Branford Place Corp.* v. *J. J. Hockenjos Co.,* 132 N.J.L. 229 [39 A.2d 80].) We need not decide this question because, if we assume that the respondent is bound by a covenant to consent to an assignment the breach of which would support an action for damages, no breach was proved by appellant.

The agreement is to consent to an assignment "to anyone equally as financially and morally responsible as the Lessee." In order to prove a breach of this agreement the burden of proof was on appellant to produce competent evidence that the Campbells were equal in financial and moral responsibility to herself. The only evidence of the moral responsibility of the Campbells was hearsay evidence that the Campbells had told a witness that Mrs. Campbell was a former school teacher, that they came highly recommended, that they had been investigated and granted a $5,000 loan by the Morris Plan Company and that the Campbells had stated that they were morally responsible. Neither the Campbells nor any

witness who knew their character for moral responsibility, nor anyone connected with the Morris Plan which was said to have investigated their moral responsibility, was produced.

As to their financial responsibility a written statement of their financial worth prepared by the Campbells was introduced and the fact was proved that they deposited $14,500 to carry out their agreement of purchase. The source of the $14,500 was not established by any competent evidence.

Under the circumstances the court properly found that it is untrue that the prospective purchasers had the moral or financial responsibility required by the agreement.

Appellant states that the evidence above noted was introduced without objection. A reading of the transcript shows that this is not true. Not only did respondent make proper objection but the transcript shows that the trial judge expressed the opinion that the objection was good ''but I will put it in if you want it.'' The court also stated: ''The danger in this rough and ready method of trying a law suit is that you haven't got competent proof that these people are financially and morally responsible, and I would have to rule against you. I don't like to lead you into that without letting you know.'' Despite this warning appellant did not, or could not, produce competent evidence on the subject.

Appellant argues that, because respondent made no objection to the moral or financial responsibility of the Campbells and refused to see them, further performance on appellant's part was prevented and waived and therefore excused. The case on this point is ruled by *Allen* v. *Chatfield,* 172 Cal. 60, 68 [156 P. 47] where the court says:

''Under section 2076 [Code Civ. Proc.] Allen is now 'precluded from objection' to any defects in the form, terms, or execution of the deeds which he did not specify at the time. But under section 1495 of the Civil Code the present ability to perform according to the offer is a necessary element in a good offer. The sections of the Code of Civil Procedure do not purport to dispense with that requirement in cases where it is not specified as an objection at the time the offer is made. They do not in any wise qualify or repeal the provisions of section 1495 to the effect that an offer made by a person not then able to perform is of no effect.''

Appellant was required to produce an assignee or assignees of equal moral and financial responsibility to herself. Unless she did so respondent was not bound to consent to the assign-

ment, and nothing that respondent did or did not do either prevented or excused appellant's failure in this respect.

Judgment affirmed.

Goodell, J., concurred.