Grinnan v. Mockbee.

---

GRINNAN, Respondent, v. MOCKBEE, Appellant.

1. Where a party to a suit seeks to read in evidence a deposition taken in the cause on the ground that the witness resides at a greater distance than forty miles from the place of trial, he must prove that fact ; the statement of the deponent in his deposition is not admissible in evidence for that purpose.

*Appeal from Jackson Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*Hovey* and *Ryland,* for appellant.

I. The deposition of Mockbee was improperly read in evidence.

*Chrisman & Comingo,* for respondent.

I. The testimony of the defendant Mockbee shows conclusively that when the deposition was taken he was beyond the jurisdiction of the court. The presumption is that he continued beyond the court's jurisdiction. It devolved upon the defendant to show a different place of residence. (10 Barb. 175.) The testimony offered by defendant is insufficient to show that he had moved within the jurisdiction of the court. It was a surprise upon plaintiff. It was a question of fact to be determined by the weight of testimony. The decision of the court ought not to be disturbed. (9 Mo. 375; 13 Mo. 308; 15 Mo. 400.)

EWING, Judge, delivered the opinion of the court.

The only question for our consideration is the action of the circuit court in permitting the deposition of Mockbee to be read in evidence.

The bill of exceptions shows that when the respondent offered to read the deposition, the appellant objected on the ground that the deponent was then living within forty miles from the place of trial, and that, upon examination of the deposition, it appeared to the court that at the time the same was taken (during the last year) the deponent stated therein that he lived about fifty miles from the place of trial. The court, thereupon, required the appellant to prove that the deponent had changed his residence since taking the deposition, and that he then lived within forty miles of Independence.

When a party relies on a deposition, he must, before he can be permitted to use it as evidence, show all the facts

upon which its admissibility depends. Among these is the fact that the deponent is not within forty miles from the place of trial. The onus of proving this. was upon the respondent. There was no evidence, or no competent evidence, as to the distance the deponent lived from the place of trial when his deposition was taken. His own statement in the deposition was not admissible for that purpose. The admissibility of the deposition was the question to be determined, and to look into the deposition for evidence of the facts upon which its admissibility depended was assuming the point to be decided.

The statement of the officer taking the deposition as to the deponent's place of residence is made *prima facie* evidence of that fact, and, under some circumstances, the court would take judicial notice that his residence was more than forty miles from the place of trial, but certainly not in such a case as the one before us.

It is deemed unnecessary to notice the testimony of the witness Rice introduced by the appellant. The judgment will be reversed and the cause remanded.