STEPHEN HASKELL *et al.*, Respondents, v. CORNELIUS D. SULLIVAN, Appellant.

1. When a party has been summoned as a witness, in accordance with Rev. Stat. 1855, p. 1577, and fails to attend, it is no error to strike out his pleading, and to enter judgment against him.
2. The supreme court will not entertain a motion in arrest of the judgment of the inferior court.

*Appeal from St. Louis Circuit Court.*

This was a suit upon a promissory note by endorsee against endorser. The defendant was duly subpœnaed to attend as a witness for the plaintiff at the trial. Failing to attend, the court, on motion, struck out the answer of defendant, and rendered judgment for the plaintiff.

The defendant filed his motion for new trial, supported by an affidavit that his absence was not contumacious. The motion was overruled, and defendant appealed.

*A. J. P. Garesché*, for appellant.

*Krum & Harding*, for respondents.

BATES, Judge, delivered the opinion of the court.

This cause was submitted to the court before any of the present judges were on the bench and a decision agreed upon by the judges then upon the bench; and the parties to the cause now consent that the decision arrived at by those judges may be adopted by this court. The court does therefore adopt the opinion written by Judge Ewing, and concurred in by. Judge Napton, as the opinion of the court, and in accordance therewith the judgment of the court below is affirmed, with ten per cent. damages; all the judges concurring.

EWING, Judge.

When a party has been subpœnaed as a witness and refuses to attend and testify, besides being punished himself, as for contempt, his petition, answer or reply may be rejected, or a motion, if made by himself, overruled, or, if made by the adverse party, sustained. (Witnesses—§ 3, 4, R. S. 1577.)

For aught that appears, the court below very properly exercised its discretion in striking out the answer and entering judgment; the answer not appearing in the transcript, we can know nothing of the nature of the defence, or whether the matter set up constituted any defence at all to the action. However this may be, the court in such cases, instead of enforcing obedience to its process by attachment, may deprive a party of the benefit of his pleading; and thus prevent an advantage which his double relation to the action may tempt him to take by absenting himself from court, when his testimony may be solely relied on by his adversary.

The circumstances of this case, so far as we can judge from the records before us, show no improper exercise of discretion in striking out the defendant's answer.

As to the motion for a new trial, the affidavit filed in support of it shows no merits; it fails to allege that the defendant has any defence to the action, or to make it appear that a new trial, if granted, would be of any benefit to him.

Judgment affirmed, with ten per cent. damages; Judge Napton concurring.

After the judgment of the supreme court, the appellant's counsel filed a motion in arrest of the judgment, for the reason that the petition did not state facts sufficient to constitute a cause of action, and cited Rev. Stat. 1855, p. 1231, 1232.

The court refused to entertain the motion, no precedents being shown to authorize such practice.*