——o——

F. W. BIEBINGER, Respondent, *vs.* M. R. TAYLOR, *et al.*, Appellants.

1. *Attorney, neglect of.*—The neglect of an attorney is that of his client.
2. *Practice, civil—Default—Motion to set aside—Failure to docket case—Note—Affidavit as to usury and want of consideration, etc.*—On motion to set aside default on a note, defendants' affidavit merely showed that the clerk failed to docket the case, and that the attorneys could not find the papers, and it did not appear that the attorneys ever made search for them, or called on the clerk or sheriff for them, or that their production was necessary to a defense; and the evidence showed that defendants were duly served with a copy of the petition, and had ample time within which to answer; and the defense proposed to be set up was merely that plaintiffs acquired the note after maturity and without consideration, and that usurious interest was incorporated into the note. (See Wagn. Stat. 782, § 5.) *Held,* that the motion and affidavit were without merit—and *a fortiori,* where such proposed defense was neither set out or alluded to in the affidavit.

*Appeal from Jackson Co. Special Law and Equity Court.*

*Tichenor & Warner,* for Appellant, cited : Wagn. Stat. 1061, §§ 20, 22 ; Adams vs. Hickman, 43 Mo. 168 ; Eidemiller vs. Kump, 61 Mo. 340 ; 24 Iowa, 150 ; Castlio vs. Bishop,

51 Mo. 162 ; Kelly vs. Hogan, 16 Mo. 215 ; McAdams vs. Mc-Henry, 22 Mo. 413 ; Stacker vs. Cooper Ct. Ct., 25 Mo. 401 ; Doan vs. Holly, 27 Mo. 256.

*J. Brumback*, for Respondent, cited : Campbell vs. Gaston, 29 Mo. 345 ; Bailey vs. Clayton, 20 Penn. St. 297 : Lamb vs. Nelson, 34 Mo. 502 ; Florez vs. Uhrig's Adm'r, 35 Mo. 520 ; Farmers and Mechanics Nat. Bank of Buffalo vs. Dearing, 2 Cent. Law. Jour., 755 ; Farmers and Traders Bank vs. Harrison, 57 Mo. 506 ; Crocker vs. First National Bank, 3 Am. Law Times, 350 ; S. C., 3 Cent. Law Jour. 527 ; Kribben vs. Eckelcamp, 34 Mo. 480–482 ; Bosbyshell vs. Summers, 40 Mo. 172 ; Boernstein vs. Heinrich, 24 Mo. 26 ; Ridgley vs. Steamboat Reindeer, 27 Mo. 444 ; Field vs. Matson, 8 Mo. 686 ; Kerby vs. Chadwell, 10 Mo. 393 ; 59 Mo. 522 ; Wagn. Stat. 1036, § 19 ; Id. 1034, § 5 ; Downing vs. Still, 43 Mo. 309 ; Doan vs. Holly, 27 Mo. 256.

SHERWOOD, Judge, delivered the opinion of the court.

Action on promissory note for $3,000 originally made payable to the Kansas City National Bank.

The defendants were duly and personally served, the writ being made returnable on the first Monday in November, 1874, that being the second day of the month.

Court was in session on that day, and then adjourned to the ninth day, or second Monday of that month, and was in session on that day, as well as on the 10th, 11th and 12th next following. The judgment by default was taken against defendants on the 11th, and on the 12th they appeared by their attorneys and filed a motion, supported by the affidavit of one of their number, to set the default aside, tendering at the same time an answer to the petition.

The papers thus referred to are as follows : Defendants move to set aside the judgment rendered herein by default, and for leave to answer, for the following reasons : 1. Because said cause, though returnable to this term of the court, was not, by the clerk thereof, put either upon the law docket or court

docket of said court, and it was not so put upon said dockets until after one week after the first day of November term, 1874; 2. that said papers in this cause were not returned to this court by the sheriff until over one week after the first day of the term; 3. that defendants' attorneys, employed by them to defend this cause, came to this court on the second Monday of said term, and upon looking for this cause did not find the same upon the dockets, or either of them, for the reason that they were not upon the same, and did not find the papers in the cause, for the reason that they had not yet been returned to this court; 4. that for reasons herein set forth, defendants failed to answer, and were not by the law required to answer; 5. defendants have a meritorious defense to plaintiff's action;

Woodley G. Taylor being duly sworn, says he is one of the defendants, and that this cause was returnable to this term of court, and although so returnable, was not docketed by the clerk before the commencement of the term, and was not so docketed upon either of the dockets, required by law to be kept, until the second Monday of this term, and until the evening of said Monday; that the papers in this cause were not returned to this court until the evening of said second Monday; that upon the morning of said second Monday, and up to 2 P. M. of said day, the attorneys of said defendants were in attendance upon this court, but could not find the papers in this cause in the clerk's office, and could not find the case upon either of the dockets of this court, for the reason that it was not upon either of said dockets; and affiant says neither he nor his attorneys did know of the docketing of this cause upon the dockets, or either of them, of this court, until after default had been rendered; that affiant has a meritorious defense to this action and employed attorneys, before the term of this court, to defend the same.

WOODLEY G. TAYLOR.

Subscribed and sworn to before me, this 12th day of November, 1874.

WALLACE LAWS, Clerk.

Defendants admit the execution of the note sued upon, but deny that the payee of said note either transferred or indorsed or delivered such note to plaintiffs before the maturing thereof, but say it was so indorsed and transferred to said plaintiff after the maturing of said note, and without any consideration for the same ; and defendants state that the sum of sixteen dollars of the face of said note is usurious interest, and that the interest is included in the face of said note at the rate of one per cent. per month, wherefor defendants demand judgment.

The motion was taken up and overruled on the day of its filing, and defendants have appealed.

We have discovered no error in the action of the trial court. The defendants, having been duly served with process, were possessed of personal knowledge of the pendency of the suit against them. But they seem to have been more desirous of incurring than of escaping a default, since it does not appear from the affidavit that the attorneys ever made any search for the papers in the clerk's office, or ever called upon either clerk or sheriff for them. Nor does it appear that the production of the papers was at all necessary to a defense, because defendants, who were sued as partners, were in possession of a copy of the petition, and could have readily framed their answer therefrom. And if this were not so, they could have applied to the court for the production of the papers, for the docketing of the cause, and, if necessary, for time to plead ; but this their attorneys failed to do, and their neglect must be deemed that of their clients. (Gehrke vs. Jod, 59 Mo. 522, & cas. cit.)

In addition to what has been already said, it will have been observed that the "meritorious defense" mentioned in the affidavit is a mere conclusion of law, as the facts which constitute it are not set forth. Nor is the answer which is filed in conjunction with the motion and affidavit at all mentioned or referred to in the latter, as being the answer on which the defendants would rely in the event their motion should prevail.

In Campbell vs. Gaston (29 Mo. 345) it was held, that "in all cases of this kind there should be an affidavit of merits, and that

there has been due diligence." And to the same effect are other adjudications of this court.

But even should we hold that the affidavit refers to the answer, still no diligence whatever is shown in respect thereto, nor do we regard the answer as setting up a meritorious defense, as the execution of the note sued on is admitted, and it does not concern defendants that plaintiff acquired the note without consideration, since it may have been indorsed to him for the purpose of collection.

As to the plea of usury, this is no defense to the action, since a recovery is still had, notwithstanding such plea ; for so the statute provides. (Wagn. Stat. 782, § 5.) But such a plea is certainly not a "meritorious defense," and we will not, therefore, undertake to state what our conclusions would have been had the defendants exhibited any promptitude in making such a plea.

In conclusion, the defendants were duly notified of the pending action, and had ample time to make their defense ; and we regard the mere fact that the clerk failed to docket the cause until the second Monday of November, as an omission which did not work them any substantial prejudice, and we are expressly prohibited from reversing any judgment unless we believe this to have occurred. (Wagn. Stat. 1067, § 33.)

There is no merit in this appeal, and the judgment is affirmed with four per cent. damages. Judge Napton absent. The other judges concur.