23   337
46   358
23   337
2m 269

### NANCY MURPHY, Plaintiff in Error, v. JAMES M. DeFRANCE ET AL., Defendants in Error.

#### Kansas City Court of Appeals, November 22, 1886.

1. SUIT TO QUIET TITLE UNDER THE STATUTE — PROCEEDINGS UNDER. In a proceeding under the statute to quiet title (sects. 3562-3564, Rev. Stat.) where the answer was a general denial, the issue of the plaintiff's possession was the only issue under the pleadings. Where the defendant claims title to the land the statute provides (sect. 3563, Rev. Stat.) that "he shall by answer show cause why he should not be required to bring an action and try such title," and unless this is done the existence of such cause is not in issue.

PRACTICE — JUDGMENT — PLEADING SUBSEQUENTLY WITHOUT SETTING ASIDE. — When the court, in this case, rendered judgment, requiring defendants to bring suit to try their title ; and *afterwards, without setting aside* this judgment, permitted defendants to file a "supplemental answer," the judgment *rendered* was still alive after said answer had been filed, and there was nothing before the court. Notwithstanding the filing of said answer, the judgment was still conclusive, and a *subsequent* judgment on the "answer" was error.

Vol. xxiii—22

APPEAL from Adair Circuit Court HON. ANDREW ELLISON, Judge.

Judgment rendered on "supplemental answer" *reversed*. Judgment originally entered *affirmed ;* and all costs, including costs of appeal, adjudged against the defendants.

Statement of case by the court.

The petition in this case alleged that the plaintiff was in possession, as owner in fee-simple, of sixteen acres of land described in the petition to which the defendants made some claim, and asked that the defendants be summoned to show cause why they should not bring an action to try their title. The preliminary order was issued, and the defendants filed their answer, in which they denied the allegations of the petition except that they claimed title to the said land.

A trial was had, with a jury, of the issue thus made. The court instructed the jury that the only issue before them was as to the possession by the plaintiff of the land described in the petition ; the court refused, though asked by the defendants so to do, to instruct the jury to find the character of the plaintiff's possession, whether said possession was that of a doweress or owner. The jury returned a verdict finding that the plaintiff had possession of five and one-half acres of the said land, and had not possession of the balance of it. The court rendered judgment, as is shown by the abstract of the record filed by the defendants, requiring the defendants to bring suit to try their title to the said five and cne-half acres of the land.

The verdict was returned and the judgment was rendered on the fourteenth day of April, 1885. On the twenty first day of April, 1885, the defendants filed a motion to quash the verdict of the jury, which motion the court overruled. On the last mentioned day the

court permitted the defendants, against the plaintiff's objections, to file a supplemental answer. The supplemental answer alleged that the plaintiff held possession of the five and one-half acres of land as her dower, and that the defendants owned the remainder, which interest only did they claim. The said answer also pleaded a former judgment of the circuit court, setting apart the five and one-half acres of land as the plaintiff's dower, and decreeing the title to the balance of the land to be in the defendants, and ordering that the defendants be placed in the possession of said balance of the land, as *res adjudicata*. The said answer further alleged that the defendants were, and, ever since the former judgment aforesaid, had been in possession of the land, except the said five and one-half acres.

The objections made by the plaintiff to the filing of the supplemental answer were as follows :

"1.  Out of time ; can't be done after verdict.

"2.  It does not attempt to conform its allegations to the proofs in the case, and sets up a special and different defence from the general denial.

"3.  Because plaintiff is entitled to judgment on the supplemental answer as to the five and one-half acres the jury found her in possession of.

"4.  Because the application to file answer is not made by motion."

It does not appear that the court set aside the judgment originally rendered. · But upon the filing of the supplemental answer and upon the same day the court rendered a new judgment by which it was adjudged that the plaintiff's petition be dismissed and that the plaintiff recover from the defendants the costs expended by her.

The defendants objected to so much of the latter judgment as adjudged the costs against them, and filed their motion in arrest making such objection.

The plaintiff in due time filed her motion in arrest, which set up the following grounds in support thereof :

"1.  On record it is erroneous.

"2.  Not responsive to the pleadings.

"3.  The court erred in permitting defendants to file supplemental answer after verdict.

"4.  Because it is not a judgment on the verdict in the cause.

"5.  Because supplemental answer cannot be filed after verdict to change the issues in the cause."

Both parties have brought the case here on cross appeals.

O. D. Jones, for the plaintiff in error, who is also appellant.

I.  There is no law in this state to warrant the filing of a "supplemental answer" after submission, trial and verdict, upon the suggestion of the court or otherwise. The case is not one to try title, and cannot be in this action.

II.  The petition in this case is not a bill, and this is not the time to settle the title. It is only a proceeding *preliminary* to such a suit. *Ruthford v. Ullman*, 42 Mo. 216. Plaintiff *being in possession* and claiming the fee can compel one who claims the fee *adverse to her* to bring suit to try his title. *Benoist v. Murrin*, 47 Mo. 537.

III.  Motion for new trial must be filed within four days after trial, or appeal will not lie. *Richmond v. Pogue*, 36 Mo. 313 ; *Bishop v. Ranson*, 39 Mo. 416 ; *Moran v. January*, 52 Mo. 523. This ruling was never changed.

IV.  Defendants appeared, did not disclaim title, "to show cause why they should not be required to bring action," denied that plaintiff was in possession of any of the land. They went to trial on that issue and lost. The only thing left for the court to do, under the statute, was "to make such judgment or order respecting the bringing and prosecution of an action as may seem equitable and just."

JAMES M. DEFRANCE, for the defendants in error, also appellants.

I. Any evidence that went to prove that at the time the suit was brought no cause of action existed, is competent under a general denial; and the supplemental answer was unnecessary, and was not new matter, because the proof of the dower interest of the plaintiff had already been given in the case, and the court was possessed of it.

II. A party can't compel another to litigate his claim to a future interest. *Webb v. Donaldson,* 60 Mo. 394.

III. Any proof may be made, under a general denial, that goes to show plaintiff has no cause of action. *M'f'g Co. v. Tinsley,* 75 Mo. 458; *Young v. Glasscock,* 79 Mo. 577.

IV. To show plaintiff's possession as doweress (it having been *proved* by defendants) was only an indirect way of negativing her petition, and would not be new matter. *State to use v. Williams,* 48 Mo. 212.

HALL, J.— The defendants have no reason to complain of the action of the trial court.

The original answer, by means of the general denial, put the possession of the plaintiff in issue. But that issue was the only issue under the pleadings as they then were. The defendants did not *affirmatively* claim title to the land in question; they simply in their answer did not deny that they claimed title. In an action of this kind, under our statute, where defendant claims title to the land "he shall by answer show cause why he should not be required to bring an action and try such title." Rev. Stat., sect. 3563.

Not having shown such cause by answer the defendants were not in a position to show such cause by evidence. The existence of such cause was not in issue. Conceding, then, for the purposes the defendants' ap-

peal, that the court properly permitted the defendants to file the supplemental answer, disclaiming any immediate interest in that portion of the land in the possession of the plaintiff, we think that the court very justly adjudged the costs in the case against the defendants. The costs were principally made because the original answer contained no such disclaimer. It was just to require the defendants to pay the costs in order to receive the benefit of the disclaimer. Certainly the court did not abuse the discretion belonging to it in matters of costs, in adjudging against the defendants the costs, most of which were incurred by their conduct.

The serious question arises on the plaintiff's appeal, in relation to the action of the court in permitting the defendants to file the supplemental answer after final judgment, and in rendering judgment upon said answer, dismissing the petition.

By section 3570, Revised Statutes, it is provided that in certain cases, after final judgment, the pleadings may be amended "in affirmance of such judgment." The filing of the supplemental answer after the rendition of the original judgment was not, however, authorized by said statute, because said answer was not filed in affirmance of such judgment. The supplemental answer was filed in order to obtain a judgment different from the judgment which had been already rendered.

The record does not show that the court set aside the judgment first rendered. The court, of its own motion, could without doubt have set aside the judgment during the term at which it was rendered. The general rule is, "that the power of the court over its judgments, during the entire term at which they were rendered, is unlimited." But this rule has certain qualifications, as explained in *Nelson v. Ghiselin* (18 Mo. App. 665). And a judgment, during the term at which it is rendered, "may be altered, revised or revoked, as well as amended in respect to clerical errors and matters of form." Freeman on Judgments, sect. 69.

Had the court set aside the original judgment, it might have properly permitted the defendants to file the supplemental answer, and the case would have then stood as if there had been no trial or judgment.

But, inasmuch as the court did not set aside the original judgment, the question is, did the filing of the supplemental answer have the effect to set aside the judgment, and was the filing of such answer permissible on that ground? That question is the question in this case, because, unless the filing of the said answer had such effect, said filing was not permissible, for the reason that as long as the judgment stood unrevoked the pleadings could have been amended for the purpose only of affirming the judgment. We do not see how such effect can be given to the filing of such answer. The judgment, therefore, rendered was still alive after said answer had been filed, and there was nothing before the court notwithstanding the filing of said answer.

The judgment was still conclusive. The filing of the answer was unauthorized and improper. And so, too, was the judgment rendered upon the answer, dismissing the plaintiff's petition.

It has been seen that the original judgment was the only judgment which could have been properly rendered under the pleadings as they then were, and the finding made upon the only fact in issue.

And it has just been said that it was error for the court, while that judgment stood unrevoked, to permit the defendants to file the supplemental answer, and to render the judgment thereon, dismissing the plaintiff's petition.

The judgment rendered on said answer is, therefore, reversed, and the judgment originally entered by the circuit court is affirmed; and all the costs in this case, including the costs of the appeal, are adjudged against the defendants. Ellison, J., concurs; Philips, P. J., not sitting.