Carr v. Dawes.

· JAMES CARR, Appellant, v. A. C. DAWES, Respondent.*

Kansas City Court of Appeals, November 10, 1890.†

1. **Trial Practice** : BILL OF DISCOVERY : PARTY AS WITNESS : CONTEMPT : PLEADING STRUCK OUT. Though the bill of discovery as known to the old chancery practice is abolished, yet, under the statute, a party to a civil action may compel the adverse party to testify as a·witness, and if he, on being duly commanded, refuse to attend and testify either in court or before any person authorized to take his deposition, besides being punished himself for contempt, his petition, answer or reply may be rejected, and judgment·rendered against him. 

2. ———: CONTEMPT ; SETTING ASIDE JUDGMENT : DISCRETION OF TRIAL COURT. While, as regards thè contempt, the matter is wholly between the court' and the contemptuous party, and the court may, in the exercise of its discretion, set aside its judgment, such discretion is the subject of review ; but the party seeking to vacate such judgment must show it was ·either illegal, or else that it should be set aside because the court's discretion was oppressively exercised.

3. ———: MOTION TO SET ASIDE JUDGMENT : DILIGENCE AND MERITS. Plaintiff sued defendant on a promissory note ; the defense was the statute of limitations. The reply was an avoidance of the statute. Plaintiff had two subpœnas served upon defendant, who did not appear at the trial, either in person or by attorney. Thereupon the court struck out his answer and rendered judgment. Fifty-six days after at the same term, defendant filed an affidavit

*For opinions on motion for rehearing, see *post*, p. 598.
†This case did not reach the reporter until July 13, 1891.

to set aside the judgment on the ground that pressure of business prevented his attendance, without stating the business and its nature, but alleging his defense was good in law and fact. The affidavit of his attorney also filed stated he was attending to his duty in the legislature, and had at a prior term agreed to continue the cause, and had, therefore, not notified defendant he would be absent. The court sustained the motion, and set aside the judgment. *Held*, error, as it is the duty of the courts to so construe pleadings, and to so adapt the practice as to discourage negligence, deceit and delay ; and such applications should show merits as well as diligence, and the statute of limitations is a technical and not a meritorious defense.

*Appeal from the Buchanan Circuit Court.*—HON. OLIVER M. SPENCER, Judge.

REVERSED AND REMANDED (*with directions*).

*Allen H. Vories*, for appellant.

( 1 ) Appellant's avoidance of the statute was good. R. S. 1879, sec. 3236 ; *Rhodes v. Farish*, 16 Mo. App. 430 ; *Adams, Adm'r, v. Abernathy*, 37 Mo. 196 ; *Johnson v. Smith*, 43 Mo. 499 ; *Miller v. Tyler*, 61 Mo. 401. (2) Defendant's answer to a bill of discovery is evidence in support of the allegations in his bill. 2 Daniels' Ch. Pl. & Prac. [5 Ed.] 1537 ; Story, Eq., sec. 1483. The code of civil procedure has abolished the distinction in practice between law and equity, and with it the bill of discovery. *Bond v. Worley*, 26 Mo. 253. And it has substituted for the bill of discovery the right to make the adverse party a witness, and to compel him to testify in behalf of the party subpœnaing him. R. S. 1879, sec. 4012 ; *Eck v. Hatcher*, 58 Mo. 235 ; *Cornet v. Bertelsman*, 61 Mo. 118. ( 3 ) The respondent having been twice duly summoned as a witness on behalf of appellant, and refused to attend, the court did right in striking out his answer and rendering judgment against him for the principal and interest of the note sued on. R. S. 1879, sec. 4016 ; *Haskell v. Sullivan*, 31 Mo. 435 ; *Snyder v. Raab*, 40 Mo. 167 ; *Harris v. Harris*, 25 Mo.

567. (4) The respondent's affidavit is fatally defect-
ive in not stating facts excusing his disobedience of the
court's subpœna. *Biebinger v. Taylor*, 64 Mo. 63;
*Pry v. Railroad*, 77 Mo. 123; *Lamb v. Nelson*, 34 Mo.
501; *Florez v. Uhrig's Adm'r*, 35 Mo. 517; *Leabo v.
Goode*, 67 Mo. 132; *Butts v. Phelps*, 79 Mo. 304; *Weil
v. Posten*, 77 Mo. 284; *Brooks v. Mastin*, 69 Mo. 58;
*Mitchell v. City of Clinton*, 99 Mo. 153; *Stearns v.
Railroad*, 94 Mo. 320; *Seeley v. English*, 17 Barb. 530;
*Implement Co. v. Wheeler*, 27 Mo. App. 16. (5) How
is this "good cause shown" to the court? By filing
the affidavit of the party himself showing two things,
viz.: *First*, the exercise of reasonable diligence on his
part in preparing his answer. *Second*, a meritorious
defense to the plaintiff's cause of action. If he fails in
his affidavit to affirmatively show both, the trial court,
under many decisions of the supreme court, commenc-
ing with *Meechum v. Judy*, 4 Mo. 361, is not warranted
in granting him a new trial. *Biebinger v. Taylor*, 64
Mo. 63; *Pry v. Railroad*, 73 Mo. 123; *Lane v. Nelson*,
34 Mo. 252; *Meechum v. Judy*, 4 Mo. 361; *Elliott v.
Leak*, 4 Mo. 540; *Lecompte v. Wash*, 4 Mo. 557; *Weimer
v. Norris*, 7 Mo. 6; *Greene v. Goodloe*, 7 Mo. 26; *Field
v. Matson*, 8 Mo. 686; *Kirby v. Chadwell*, 10 Mo. 392;
*Austin v. Nelson*, 11 Mo. 192; *Faber v. Bruner*, 13 Mo.
541; *Campbell v. Gaston*, 29 Mo. 343; *Gehrke v. Jod*, 59
Mo. 522; *Owen v. Tinsley*, 21 Mo. 425; *Adams v. Hickam*,
43 Mo. 168; *Castlio v. Bishop*, 51 Mo. 162; *Greer v.
Parker*, 85 Mo. 107; *Houck v. St. Louis Exposition*,
28 Mo. App. 630; *Bosbyshell v. Summers*, 40 Mo. 172.

*Lancaster, Hall & Pike*, for respondent.

(1) In this state the circuit courts have the com-
mon-law power to vacate their own judgments during
the term when rendered. *Randolph v. Sloan*, 58 Mo.
155; *State ex rel. v. Adams*, 84 Mo. 315; *Nelson v.
Ghiselin*, 17 Mo. App. 665; *Murphy v. DeFrance*, 23

Mo. App. 343 ; *Fannon v. Plummer*, 30 Mo. App. 28.
This power may exist subject to this limitation or qual-
ification, that its exercise by the trial court is subject to
review by the appellate court. (2) There is no pre-
tense that the trial court in vacating its judgment and
recalling the execution contravened any statute. There
is no substantial ground upon which to claim that the
trial court acted oppressively in so doing. The section
of the statute (R. S., sec. 8924 ) was intended " as a sub-
stitute for the ancient chancery practice in regard to
interrogatories appended to a bill, and had the same
object in view, which was to give a party an opportunity
to sift the conscience of his adversary. *Eck v. Hatcher*,
58 Mo. 239. By failing to obey the order of the sub-
pœna, the party puts himself in contempt of the court ;
and the punishment authorized by the statute for this
contempt, in addition to the usual punishment for con-
tempt, is the striking out of his pleading. The statute
does not require the court to strike out the pleading.
The court may or may not strike out the pleading, as
in its wise discretion it may deem just and expedient.
In other words, the court has a discretion to strike out
the pleading or not, and also a discretion to rescind, or
not rescind, the order striking out the pleading. The
exercise of this discretion is not subject to review.

SMITH, P. J.—This was a suit begun by plaintiff
against defendant in the circuit court of Buchanan
county on a promissory note. The answer pleaded in
bar the ten years' statute of limitation. The replication,
in avoidance of the bar of the statute pleaded, set forth
that the said note was executed and indorsed in this
state where the defendant, who was the indorser thereof,
was a citizen and resided ; that he was then a single
man, had no family and was not a housekeeper, boarded
at hotels and temporary boarding-houses, and had no
place called his usual abode, so that process could not
be served upon him otherwise than by serving in person;

that he continued such life up to the year 1885, and that, between the date when said note became due until 1885, he had at divers times and frequently been absent from this state three and six months at a time, at Washington City, the lakes of the north and other places, so that the ordinary process of the law could not be served upon him, and that such absence prevented the statute from running in his favor, etc. At the January term, 1889, on the sixteenth day thereof, the cause came on for trial, when the defendant failed to appear either in person or by attorney. It appearing to the satisfaction of the court that the plaintiff had previously caused two subpœnas to be issued by the clerk of the court which had been duly served upon defendant to appear as a witness to testify in behalf of the plaintiff, and defendant not appearing in obedience to the command of said writs of subpœna, the plaintiff thereupon asked the court to strike out the defendant's answer, which was by the court ordered accordingly. The court rendered judgment against defendant for want of answer. On the twenty-second day of April, 1889, it being the fifty-sixth day of the said January term, 1889, defendant filed an affidavit to set aside said judgment on the ground that, " owing to pressing business demanding his absence from the city of St. Joseph at the time he was commanded by said writs of subpœna to appear and testify in said cause," and for no other reason he failed to appear in obedience to the writs of subpœna. The affidavit further stated the defense interposed by his answer was good in law and fact, and also negatived the allegations of the replication. At the May term, 1889, defendant asked and obtained leave to file the affidavit of his former attorney in the cause, wherein it was set forth that at the January term, 1889, the said attorney was a senator attending to his duties at Jefferson City ; that he had at a prior term of the court agreed with plaintiff's attorney to continue the cause—he had for that reason not notified defendant that he would not

be in court to defend the cause at said term, etc. On June 10, 1889, the circuit court sustained the motion to set aside the judgment. The defendant thereupon refiled his answer. The plaintiff then filed a motion to set aside the order sustaining the defendant's motion to set aside the judgment, which being overruled, the plaintiff declining to further prosecute the cause, the same was by the court dismissed for want of prosecution, and rendered final judgment accordingly. The plaintiff then appealed.

I. Under the practice in chancery, which obtained in this state prior to the adoption of the code, a plaintiff could file a bill of discovery and require the defendant to make full, true and complete answer to such interrogatories material to the cause, as the plaintiff might propound, and, when the defendant had made full, true and complete answers to such interrogatories, the plaintiff could read defendant's answer in evidence in support of the allegations in his bill. 2 Daniels' Ch. Pr. [5 Ed.] 1537; Story, Equity, sec. 1483; *Eck v. Hatcher*, 58 Mo. 235. The code has abolished the distinction in practice between law and equity, and with it the bill of discovery (*Bond v. Worley*, 26 Mo. 253; *Ragan v. McCoy*, 29 Mo. 356), and has substituted in its place sections 4013 to 4016, Revised Statutes, 1879, which provide that any party to a civil action may compel the adverse party to testify as a witness, and if such party, on being duly summoned, refused to attend and testify either in court or before any person authorized to take his deposition, besides being punished himself as for contempt, his petition, answer or reply may be rejected. In this case it is conceded that not only one, but two, subpoenas had been duly served upon the defendant to appear and testify on behalf of the plaintiff at the trial. The defendant's failure to obey the court's writ of subpoena was, *ipso facto*, a contempt of court which fully authorized the exercise of its discretion in rejecting his answer, and

rendering judgment against him by *nil dicit. Haskell v. Sullivan*, 31 Mo. 435; *Snyder v. Babb*, 40 Mo. 167; R. S., secs. 4012–4016.

The judgment having been properly rendered against defendant, as we think, the remaining and decisive question is, whether the court erred in setting the same aside on defendant's affidavit for that purpose. It will be observed by reference to section 4016, Revised Statutes, *supra*, that the court is there invested with a double and separable power. It may, *first*, punish the defendant "himself as for a contempt;" and, *second*, may, besides, reject his petition, answer or reply. So, that in the case under consideration, the matter of the punishment for the contempt was wholly between the defendant and the court, and with which plaintiff had no concern. But the action of the court in respect to the case concerned the plaintiff as well as the defendant. While in the one instance the defendant by *an ex parte* showing might satisfy the court that no such contempt had been committed as called for the infliction of punishment by fine or imprisonment (Revised Statutes, 1879, sections 1055 to 1056); but, to avoid the consequences of the contempt as to the plaintiff, other considerations must not be overlooked to which we shall presently advert. The defendant contends that the trial court had the discretion to rescind or not rescind the order striking out the defendant's answer, but that when the discretion was exercised it was not the subject of review. No authority is cited, nor is even a plausible reason stated in support of this contention. The power of trial courts, in the absence of statutory limitations, to vacate their own judgments during the term, for good cause existing or shown, is not open to question. *Williams v. Circuit Court*, 5 Mo. 248; *Richmond v. Waidlaw*, 36 Mo. 313; *Sloan v. Forse*, 11 Mo. 85; *Simpson v. Blant*, 42 Mo. 544; *Randolph v. Sloan*, 58 Mo. 155; *State ex rel. v. Adams*, 48 Mo. 310; *Andrews v. Costican*, 30 Mo. App. 29;

*Murphy v. DeFrance*, 23 Mo. App. 337 ; *Nelson v. Ghiselin*, 17 Mo. App. 663. In the last case cited the rule is stated thus: "When the trial court during the term when the judgment is rendered vacates it, its action in so doing must, in the absence of a showing to the contrary, be considered warranted by the exercise of its general power. Its action, however, is subject to review by the appellate court by *mandamus* or appeal, as the case may be. The party seeking such review must affirmatively show that the action of the trial court in thus vacating its judgment was either illegal, because in contravention of same, or else that it should be set aside because oppressively exercised." It is, therefore, seen that the general power of courts over their judgments, during the term at which they were rendered, is not absolute.

Was the action of the court in setting aside the judgment in this case an abuse of its legal discretion? In the determination of this question is necessarily involved an examination and consideration of the motion upon which the action of the court was based. The defendant as an excuse for his disobedience of the writ of subpœna states in his affidavit, that it was owing "to pressing business demanding his absence from the city of St. Joseph," on the day named in the writs for the trial of said cause. This is but the statement of a legal conclusion. The defendant should have stated the facts, if any there were, so that the court could have determined therefrom whether the same were of such pressing importance as justified his disregard of its writ. If the facts had been stated, the court might or might not have concluded the business of the defendant was so pressing as to justify his disobedience. How could the court tell whether the defendant's conclusion was justified by the existing facts, unless the same had been set forth in his affidavit? *Biebinger v. Taylor*, 64 Mo. 63 ; *Lamb v. Nelson*, 34 Mo. 501 ; *Florez v. Uhrig's Adm'r*, 35 Mo. 517. Not a single fact is

stated which would constitute good cause for the exercise of the power of the court in vacating the judgment. The motion is barren of any fact from which the court could have deduced the conclusion that the defendant was unavoidably prevented from obeying the subpœna, or that he was "anxious and willing to state all the facts in his knowledge relative to the issues in said cause." The statutory rule, section 3586, that it shall be the duty of courts to so construe the provisions of the law relating to pleading, and to so adapt the practice thereunder as to discourage, as far as possible, negligence, deceit and delay, seems to have been lost sight of by the trial court in the vacating of its judgment, and in the subsequent proceedings in this case. The authorities are quite uniform that in all cases of this kind the affidavit should also show merits as well as diligence. *Campbell v. Gaston*, 29 Mo. 345; *Biebinger v. Taylor*, 64 Mo. 63. The defense of the statute of limitations which is referred to in the defendant's affidavit in this case, like that of usury, and the statute of frauds, is not such meritorious defense. Courts are inclined to regard with disfavor these technical defenses. *Elliott v. Leak*, 4 Mo. 542; *Biebinger v. Taylor*, 64 Mo. 63; *People v. Rains*, 23 Cal. 127. Nor is it perceived that the defendant's position is strengthened by the affidavit of his former attorney. It lends not the slightest support to the allegations of the defendant's affidavit. It seems to us the plaintiff has clearly made out a case within the rule laid down in *Nelson v. Ghiselin, supra*. The action of the court in setting aside the judgment was without legal cause, and such an abuse of its general power as to warrant our interference. It, therefore, follows that the judgment of the circuit court will be reversed, and cause remanded with directions to that court to reinstate the judgment rendered in the cause on sixteenth day of January, 1889, against defendant for $427.20. GILL, J., concurs.