Royer & Harwood v. German.

ROYER & HARWOOD, Appellants, v. JOHN W. GERMAN, Respondent.

Kansas City Court of Appeals, March 7, 1892.

Practice, Trial: PARTY REFUSING TO TESTIFY: STRIKING OUT HIS PLEADING: DISCRETION OF COURT. The action of the trial court in striking out the petition as to plaintiff Harwood because of his refusal to give his deposition is not, under the circumstances of this case, a harsh and improper exercise of its discretion.

*Appeal from the Jackson Circuit Court.*—HON. JAMES GIBSON, Judge.

AFFIRMED.

*Hawley & Snell*, for appellants.

The refusal of plaintiff to give his deposition was grounded on the advice of his attorneys, and not from any disrespect to the court or the proper administration of justice. His attorneys were mistaken as to the law, and as soon as they discovered their error they rectified it by advising defendant's attorneys that Mr. Harwood would attend and have his deposition taken. This statute, section 8927, is not penal in its nature, and should not receive a construction as harsh as that given it by the court below. *Coburn v. Tucker*, 21 Mo. 219 ; *Eck v. Hatcher*, 58 Mo. 235; *Snyder v. Raab*, 40 Mo. 166.

*Lathrop, Morrow & Fox*, for respondent.

( 1 ) The motion to strike out the petition as to plaintiff Harwood was properly and rightfully sustained by the court. R. S. 1889, ch. 173, secs. 8920, 8924; *Haskell v. Sullivan*, 31 Mo. 435, 436 ; *Snyder v. Raab*, 40 Mo. 166, 167. ( 2 ) It was also proper to proceed and render judgment against plaintiff Harwood, and in favor of defendant. *Snyder v. Raab*, 40 Mo. 166, 167.

SMITH, P. J.—Plaintiffs as partners sued the defendant to recover certain commissions claimed to be due them for effecting the sale of real estate for defendant. The defendant's answer was a general denial. While the cause was pending the plaintiff Harwood was duly subpœnaed to attend at a certain time and place before a notary public and give his deposition for the defendant. Plaintiff did attend, but, under the advice of his attorneys, refused to testify. There was some evidence, though of a very conflicting nature, tending to show an agreement between counsel as to the subsequent taking of Harwood's deposition. The court, upon motion, struck out the petition as to the plaintiff Harwood and entered judgment accordingly, and from which this appeal is prosecuted. When a party has been duly subpœnaed as a witness to attend and testify before any person authorized to take his deposition, besides being punished himself as for contempt, his petition, answer or reply may be rejected. R. S., secs. 8920, 8924.

An examination of the evidence has not convinced us that the action of the court, under the circumstances, in rejecting the petition of the plaintiff Harwood, was a harsh or improper exercise of its discretion. *Carr v. Dawes*, 46 Mo. App. 351, 598 ; *Haskell v. Sullivan*, 31 Mo. 435 ; *Snyder v. Raab*, 40 Mo. 166.

And so the judgment must be affirmed. All concur.