## FRANCIS W. DUSTIN, Appellant, v. THOMAS E. FARRELLY, Respondent.

### St. Louis Court of Appeals, October 31, 1899.

1. **Duress of Goods.**  Duress of goods exists when the owner is compelled to submit to an extortion in order to obtain possession of them from one who obtains them without lawful right or excuse.

2. ———.  In the case at bar it can not be said that there was an urgent and present necessity for plaintiff to pay the alleged exhorbitant demands of defendant.

3. **Practice, Trial:** DISCRETION OF TRIAL JUDGE: CONSTRUCTION OF STATUTES.   Where the defendant appears and testifies to certain matters, but, under the advice of counsel, refuses to answer certain questions considered by him impertinent, the circuit court can exercise its discretion in the matter of imposing the penalty prescribed in section 8924, Revised Statutes 1889, against defendant.

Appeal from the St. Louis City Circuit Court.—*Hon. Seldon P. Spencer*, Judge.

AFFIRMED.

*Ford W. Thompson* and *Francis A. Thornton* for appellant.

(1)   The court committed error in ruling that it would sustain defendant's demurrer to the evidence.   If there is any evidence whatever, however slight, it must be submitted to the jury.   Twohey v. Fruin, 96 Mo. 104; Charles v. Patch, 87 Mo. 450; Taylor v. Short, 38 Mo. App. 21; Rippey v.

Friede, 26 Mo. 523. In consequence of defendant's refusal to answer certain material questions, and to sign his deposition, his answer should have been striken out. R. S. 1889, secs. 8920 and 8924; Ex parte McKee, 18 Mo. 599; Ex parte Munford, 57 Mo. 603; Ex parte Livingston, 12 Mo. App. 80; Royer and Garwood v. German, 48 Mo. App. 510. Duress exists when one, by the unlawful act of another, is induced to make a contract or perform some act under circumstances which deprive him of the exercise of free will. Hackley v. Headley, 45 Mich. 569; Wilkerson v. Hood, 65 Mo. App. 491; Fout v. Giraldin, 64 Mo. App. 165.

*R. M. Nichols* for respondent.

(1) "Duress of goods exists when the owner is compelled to submit to an extortion in order to obtain possession of them from one who detains them without legal right or excuse." Farrelly, having purchased the claims with his own money, whether for Dustin or himself and Dustin, the title was not vested in Dustin, so that he had a right to demand the claims from Farrelly without settlement of his account. As betwixt him and Farrelly the title was in Farrelly. There was no witholding of Dustin's goods or chattels. Wilkerson v. Hood, 65 Mo. App. loc. cit. 494. (2) The strongest point that the evidence shows was a mere threat of suit unless appellant settled with respondent for his services. The evidence does not show that Dustin acted under the force of coercion of this threat. He discussed the amount of Farrelly's fees with Brettelle and with Farrelly repeatedly and after repeated interviews paid Farrelly's demand. Wolff v. Marshall, 52 Mo. 167; Gans v. Weisenberger, 66 Mo. App. 110; Dausch v. Crane, 109 Mo. 323. Then the only question, did the court err, as a matter of law. The deposition as filed, shows that respondent did not refuse to attend and testify within the meaning of section 8924 of the Revised Statutes, but that he did attend and did testify to every question and showed a

willingness to answer every question that was in any manner pertinent to the issue.   It is only when a party refuses to attend, or attending, refuses to testify, that he may be punished by striking out his pleading.   Chaffin v. Bromfield, 88 Ind. 305; Fels v. Raymond, 139 Mass. 100.

BIGGS, J.—This is an action of replevin to recover the possession of three second mortgage bonds issued by the Grand Laundry Company, a corporation.   It is conceded that in June, 1896, the bonds in controversy were the property of the plaintiff, and that in settlement of a demand for certain commissions and services which the defendant claimed to be due him from plaintiff, the bonds were delivered to defendant. The claim of plaintiff now is that the settlement was made and the bonds delivered under duress.   The circuit court sustained a demurrer to plaintiff's evidence.   On this appeal the plaintiff complains of the action of the court in refusing to strike out the defendant's answer, and in forcing the plaintiff to take a nonsuit.

The evidence introduced by plaintiff tended to prove these facts:   In 1895, and 1896, the plaintiff was a large stock and bond holder in the Grand Laundry Company.   At one time he was an officer of the corporation and its general manager.   In September, 1895, the directory and management of the company were reorganized.   The plaintiff was relieved of the management and an incompetent man put in his place.   The business was conducted under the new management at a great loss.   In the fore part of 1896, on petition of plaintiff, the circuit court appointed one Brettelle as receiver to take possession of the business. Brettelle qualified, took charge of the laundry, and continued to run it for some months.   The defendant is a financial agent, and prior to the appointment of the receiver the plaintiff consulted him as to the proper course to pursue.   The result was the application for a receiver, and an agreement on the part of the defendant to furnish plaintiff the necessary money to buy the property

at the receiver's sale.  In May, 1896, the floating debts of the company amounted to $2,600.  At the suggestion of the plaintiff the defendant bought up this indebtedness at fifty cents on the dollar.  Afterwards and at the suggestion of plaintiff the defendant, as the owner of said debts, presented a petition to the circuit court, where the receivership was pending, praying for an order for the sale of the property.  The prayer of the petition was granted, and the property was advertised for sale.  Subsequently to this order the plaintiff, Brettelle and the other stock and bond holders agreed upon an adjustment of their differences, by which it was agreed that the property should be withdrawn from sale and the receiver discharged.  The terms of the agreement were that the opposing stockholders should surrender a large amount of their stock and the plaintiff and Brettelle were to pay the floating indebtedness and have the future management of the laundry.  Thereupon, to wit, on June 27 the plaintiff moved the circuit court for an order discharging the receiver.  After this agreement had been reached, the plaintiff and Brettelle advised the defendant of it, and insisted that he should accept in full settlement of the claims held by them, the amounts which he had paid therefor.  The defendant refused to do this and demanded their face value.  In addition the defendant claimed that plaintiff was indebted to him in the sum of $2,500 as reasonable compensation for his services in the receivership, and for making the necessary arrangements for money to enable plaintiff to buy the property at the sale.  The plaintiff contended that the demands of the defendant were unreasonable and unjust, but after the defendant had threatened to sue him for greater compensation that the amount named, he and Brettelle concluded to accede to defendant's demands.  In the adjustment of the matter the defendant accepted the note of the Laundry Company for the full amount of the debts held by him, which note the company afterwards paid, and in part settlement of the claim for compensation the plaintiff delivered to defendant

the bonds in controversy.   A few days afterwards the motion of the plaintiff for the discharge of the receiver was heard and sustained.   Afterwards the plaintiff without objection, paid the note of the Grand Laundry Company to defendant, and continued to do other business with defendant, until the eighteenth day of November, 1898, when the present action was begun.   The foregoing statement is believed to contain all facts necessary to a proper understanding and disposition of the question touching the sufficiency of plaintiff's evidence to make out a case of duress.

The contention of plaintiff is that the foregoing facts tended to prove that the delivery of the bonds in question in part satisfaction of defendant's unjust and exorbitant claim was compulsory, that is, made under legal duress, in that there existed at the time an urgent necessity for plaintiff to do so, in order to carry out the advantageous agreement he had made with the other stockholders of the Grand Laundry Company, and to free the property of the company, in which he had an interest, from the receivership.   This argument is untenable, which will become manifest under a statement of what is meant by legal duress.   In Fout v. Giraldin, 64 Mo. App. loc. cit. 169, we said that under modern decisions "duress exists when there is an arrest of the person or seizure of the goods, or a threat, or attempt to do one or the other.   Under the ancient common law it could only exist where the party was under arrest, or was threatened with arrest.   But courts of law departed from that rule and construed the detention or threatened detention of goods as a kind of moral duress." In Wilkerson v. Hood, 65 Mo. App. loc. cit. 494, we decided that "duress of goods exists, when the owner is compelled to submit to an extortion in order to obtain possession of them from one who detains them without lawful right or excuse." Now, by no sort of reasoning can it be said that there was an urgent and present necessity for plaintiff to pay the alleged exorbitant demands of defendant for compensation.   It was

not necessary to do this in order to relieve the property of the Laundry Company from the receivership. The claim of defendant for compensation had nothing to do with the receivership or the business of the Grand Laundry Company. It was an individual matter between plaintiff and defendant. The suggestion that defendant violated his contract with the plaintiff in the purchase of the debts of the corporation and demanded payment in full therefor, whereas he had bought them for plaintiff at a heavy discount, is entirely outside of this case. If the plaintiff was unjustly and illegally compelled to pay these claims in full in order to release the property of the company from the custody of the court, the fact might afford some ground for an action in his behalf, to recover back the excess paid, but it could in nowise affect or characterize the settlement of defendant's claim for services in which settlement the bonds in question were delivered.

Our conclusion is that the circuit court did right in directing a nonsuit.

An attempt was made to take defendant's deposition. He appeared to the summons and answered all questions touching his claim for services and the delivery of the bonds in settlement thereof. As to the purchase of the debts he testified that he bought them on the market at fifty cents on the dollar; that he purchased them on his own account and paid for them with his own money. Under the instructions of his counsel he declined to say how much he received from the Grand Laundry Company on account of the claims, upon the ground that it was irrelevant matter. This was undoubtedly true, but the question was not for the witness or his counsel to decide. (Ex parte McKee, 18 Mo. 599). The notary may have had authority to compel an answer to the question and to commit the defendant if he refused to answer. However, this extreme remedy was not insisted on by plaintiff. He chose to ask the court to strike out defendant's answer for

refusing to testify. The language of the statute (section 8924, Rev. Stat. 1889) is, "if a party on being duly summoned refuse to attend and testify * * * his petition, answer or reply may be rejected, etc." Here the defendant did appear and did testify to certain matters, but he refused to answer other questions which his counsel advised him were impertinent. It is a question whether we have a case calling for the application of the statute. But conceding the question in favor of plaintiff's contention, it is clear that the circuit court exercised a wise discretion in refusing to impose the penalty of the statute. Snyder v. Raab, 40 Mo. 166; Haskell v. Sullivan, 31 Mo. 435; Royer v. German, 48 Mo. App. 510; Carr v. Dawes, 46 Mo. App. 351; Larimore v. Bobb, 114 Mo. 446. The fact concerning which the defendant was interrogated was clearly irrelevant, and besides the defendant, on the motion to strike out, proffered to answer the questions. There are other reasons which were suggested by the circuit court, but which need not be mentioned here, which justified its action in overruling the plaintiff's motion.

The judgment of the circuit court will be affirmed. All concur.