# GRAY, Administratrix, *v.* NATIONAL STEAMSHIP COMPANY.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

Submitted March 31, 1885.—Decided May 4, 1885.

A, a foreign steamship corporation, went into liquidation August 15, 1867, and sold and transferred all its ships and other property August 16, 1867, to B, another foreign corporation, formed for the purpose of buying that property

and continuing the business, with the right reserved to all stockholders in A to become stockholders in B.  The officers in the old company became stockholders in the new company, and the business went on under their direction as officers of the new company.  October 24, 1867, a collision took place in New York harbor between one of the steamships so transferred and some canal boats, resulting in the death of plaintiff's intestate. Plaintiff sued A, in a State court of New York, to recover damages under a statute of that State, for the loss of her husband, and obtained a verdict, and recovered judgment.  *Held,* That this judgment against the old company could not be enforced in equity against its former property in the hands of the new company, thus transferred before the time when the alleged cause of action arose.

The facts which make the case are stated in the opinion of the court.

*Mr. John Fitch* for appellants.

*Mr. John Chetwood* for appellee.

MR. JUSTICE FIELD delivered the opinion of the court.

This was a suit in equity to charge the defendant, the National Steamship Company, with the payment of a judgment recovered against another company, known as the National Steam Navigation Company.  Both of the companies were English corporations, formed under the English statute, known as the Companies Act of 1862.  The National Steam Navigation Company continued in business until August 15, 1867, when it went into liquidation.  On the following day it sold its ships and its other property and delivered the same to the National Steamship Company.  This latter company was incorporated on the first of July, 1867, under the name of the Steamship Company, limited.  The change of its name to the National Steamship Company was made August 8, 1867.  After the sale of its property the Navigation Company had no power to do business under the Companies Act, and existed only for purposes of liquidation.

On the 24th of October, 1867, the steam-tug Princeton was going up the harbor of New York with a tow of fourteen canal-boats loaded with coal.  When near the mouth of the

Hudson River she met the English steamship Pennsylvania, owned by the National Steamship Company, and a collision took place between the canal-boats and the steamship, by which three of the boats were sunk, and a man by the name of Wilson W. Gray was killed. The widow of Gray took out letters of administration upon his estate, and then brought an action in the Superior Court of the City of New York, under a statute of the State, for damages caused by the loss of her husband, against the National Steam Navigation Company, evidently supposing that this company continued the owner of the steamship as it formerly had been. In May, 1868, she obtained a verdict, and in June following judgment was entered thereon for $3,289.05.

The National Steamship Company was formed for the purpose of buying the property of the Navigation Company and conducting the same business. The consideration for the purchase was stock of the new company to such of the old stockholders as would consent to take it, and money to the dissenting stockholders. Provision was made to raise the money necessary to fill up the capital stock to the required sum, and the sale was subject to the debts of the old company on August 16, 1867. The officers of the old company became the officers of the new company.

The widow Gray issued execution on her judgment to the sheriff of the County of New York, which was returned unsatisfied. In December, 1869, she assigned the judgment to one Asa F. Miller, and in January, 1870, he commenced a suit in the Supreme Court of New York against the National Steamship Company, setting forth in his complaint the judgment of the Superior Court, the return of the execution unsatisfied, the incorporation of the National Steam Navigation Company, and that a short time before the commencement of the action it was engaged in the shipping business between New York and Liverpool, employing steamers, and having a general agency in New York; that at the time of the accruing of the cause of action it was thus engaged in business; that about the time the judgment was obtained and the execution issued the company assumed and became known by the name of the

National Steamship Company; that the sheriff was thereby disabled from levying on the property which up to that time had stood in the name of the Navigation Company; that the change of name was to cure a technical defect; that the Steamship Company was incorporated under a statute limiting the liability of the stockholders, and to that company the Navigation Company had handed over its ships and all its other property to a sufficient amount to pay the judgment; that such property remained under the same control; that the change of name was made fraudulently, to prevent a levy upon the property; that the Steamship Company held the ships of the Navigation Company as trustee for the creditors of the latter company; that the Navigation Company had not been within the State of New York for a year, and had no property except that standing in the name of the Steamship Company; and that this last company had a steamship and other ships in its hands, the property of the Navigation Company. The prayer of the complaint was that the Steamship Company might be decreed to pay the judgment, and be enjoined from disposing of the property it had received from the Navigation Company and for the appointment of a receiver.

The Steamship Company answered, admitting the judgment of the plaintiff, the return of execution issued upon it unsatisfied, and the organization of the Navigation Company, alleging its own distinct incorporation, admitting the sale, transfer and delivery of the steamships and business of the old company to the new company, August 16, 1867, the conduct of its shipping business and its employment of steamers by the old company, up to such transfer and sale, and alleging that the old company had no property in the State, with a general denial of other allegations. The case was heard upon the pleadings and proofs, and at a special term of the court on December 12, 1870, judgment was rendered dismissing the complaint. On May 7, 1875, at a general term of the court this judgment was affirmed. A year after its affirmance an order was entered at a special term by consent of parties discontinuing the suit. Before this was done Asa F. Miller, the plaintiff therein, assigned the Superior Court judgment to one Morrison, and in

February, 1877, Morrison assigned it back to the plaintiff, who soon afterwards commenced the present action in the Supreme Court of New York. On motion of defendants, it was removed to the Circuit Court of the United States, and there the plaintiff filed a bill in equity in place of the complaint filed in the State court. This bill set up the agreement between the two companies of August 16, 1867, alleged the identity of the officers of the two companies, mentioned the recovery of the judgment of the plaintiff and the various assignments of that judgment, the unsatisfied execution issued thereon, the transfer of the ships and other property of the old Navigation Company to the new Steamship Company, alleged that the Navigation Company had not made a change of ownership of the steamers by sufficient bills of sale, according to British law, mentioned the winding up of the Navigation Company, and averred that the new company held the property of the old company in fraud of the right of the plaintiff to have his judgment satisfied out of it, and that the Navigation Company had no property not embraced in the transfer to the Steamship Company out of which execution upon the judgment could be satisfied. The bill prayed for a receiver of the property of the Navigation Company at the time of its assignment, for an accounting by the defendant of such property, and that the receiver be directed to sell the property and pay the debts of the plaintiff, and for general relief. The defendant, in its answer, admitted the agreement, the substantial identity of the officers of the two companies, the judgment recovered in the Superior Court, the unsatisfied execution issued thereon, and the sale and delivery of all the property of the old Navigation Company to the defendant on the 16th August, 1867, for a full consideration, averred that the defendant at that time became owner of all the property including the steamers, denied the fraudulent transfer alleged and the ownership of the steamships by the Navigation Company at the time of the recovery of the judgment, or of the return of the execution, reiterated the sale and delivery of the steamships to it before the judgment by good and sufficient instruments, and admitted the liquidation of the Navigation Company, and the winding up

of its affairs. It also set up the judgment recovered by the defendant in the case of Miller against it, in the Supreme Court of New York, as a bar to the present action, denied all fraud in the transfer of the property of the old company, and asked that the bill be dismissed. The case was heard upon the pleadings and proofs, and a decree was rendered therein by the Circuit Court dismissing the bill. From that decree the case is brought here by appeal.

It is not necessary to consider the position that the judgment of the Supreme Court of New York, in the case of Miller against the defendant, is a bar to the prosecution of this suit. It is sufficient for the affirmance of the decree of the court below that the judgment of the Superior Court of the City of New York, which was sought to be enforced against the new company, was recovered against the old company. That company had then ceased to do business of any kind, and was incapable, under its articles of incorporation, of doing any except so far as might be necessary to wind up its affairs. It existed only for purposes of liquidation. It could no more own and run a steamship than it could own and manage any other property. There is nothing in the transfer of the property from the old company to the new of which the plaintiff can in any way complain. It took place before the collision occurred which caused the death of the plaintiff's husband. The stockholders of the old company do not complain of that transfer; and it does not appear that complaint comes from any creditors then existing of that concern. The debts of the old firm were assumed by the new; and there is neither reason nor sense in attempting to fasten upon the new company a judgment for damages recovered only against the old. If the plaintiff, by mistake, commenced an action against the wrong company, it is a fault of which she cannot complain. At least the new company is not chargeable as though it had itself been sued, and had its day in court. The Navigation Company never made any pretence of ownership after its affairs were closed up, and neither the plaintiff nor her counsel were ever misled by the action of the representatives of either company. The case is too plain for further comment.　　*Decree affirmed.*