[Civ. No. 2615.  Third Appellate District.—December 20, 1923.]

## R. YOUNG, Appellant, v. MANUEL ROCHA et al., Respondents.

[1] SALES—TIME OF SHIPMENT—SPECIFICATION BY PURCHASER.—Where a contract for the sale of goods provides that shipping dates are to be given later, and the purchaser thereafter gives the seller reasonable notice of the time selected for shipment, such date becomes a part of the contract as much as if it had been originally inserted therein.

[2] ID. — SPECIFICATION OF SHIPPING DATE — REASONABLE NOTICE. — Where a contract for the sale of goods provides that shipping dates are to be given later, the sellers are required to give reasonable notice of the time selected for shipment; but it cannot be successfully contended that a notice of twenty-four days is not reasonable.

[3] ID.—TIME OF ESSENCE.—Where a contract for the sale of goods provides for shipment on a specified date, and delay in the performance thereof is not capable of exact and entire compensation, time is of the essence of the contract, though not expressly so declared therein.

[4] ID.—REFUSAL TO ACCEPT AFTER TIME ORDERED.—The purchasers, under such a contract, by refusing to accept the shipment after the time ordered, do not cancel or rescind the contract, but stand upon it, and base their rights upon its terms.

[5] ID.—FAILURE TO DELIVER AT TIME SPECIFIED—WAIVER OF OBJECTION.—The failure of the seller to make delivery of the goods at the time specified in the contract having constituted such a defect that it could not be obviated at a subsequent date, the purchasers did not waive such objection where, on such subsequent date, they attempted to cancel the contract, but did not base their right of cancellation upon the failure of the seller to make delivery.

[6] ID.—ISSUES—EVIDENCE—AMENDMENT OF PLEADINGS.—Certain evidence having been properly admitted under the pleadings as they stood at the time of such admission, and the plaintiff thereafter having been permitted to amend the complaint in such a manner as to eliminate the issues to which such testimony was directed, plaintiff's remedy was a motion to strike out the testimony or to request an instruction to disregard it.

APPEAL from a judgment of the Superior Court of Humboldt County. Denver Sevier, Judge. Affirmed.

The facts are stated in the opinion of the court.

Fred H. Dreher and Puter & Quinn for Appellant.

Metzler & Mitchell and O. A. Wuolle for Respondents.

FINCH, P. J.—The jury returned a verdict in favor of defendants and judgment was entered accordingly. Plaintiff moved for a new trial, which was denied. This appeal is from the judgment. Plaintiff is the assignee of Lewis Simas Jones Company. For convenience, the company will be hereinafter referred to as plaintiff. The action is for damages alleged to have resulted from defendants' breach of the following contract:

---

4. Countermand of executory contract of sale, note, 94 Am. St. Rep. 119.

5. Failure of seller to deliver goods on agreed date as ground for rescission by purchaser, note, L. R. A. 1916E, 940.

"Order No. 225.                    Date June 15, 1920.

"Ship to Farmers Store at Arcata, Cal., . . . 2 cars copra meal per ton 47 f. o. b. S. F. Shipping dates to be given later. To be taken before Dec. 30th, 1920.

"Farmers Store by Manuel Rocha, Mng."

By mutual consent of the parties, the words "Eldorado meal" were later substituted in the order for the words "copra meal." September 6, 1920, Rocha wrote plaintiff: "I . . . ask you to send me a car on the first of October and the other car on the first of December." September 8th plaintiff wrote in reply: "We have your letter of September 6, and in accordance with your instructions will ship you a 30 ton car of Eldorado Cocoanut Meal about the 1st of October, and a 30 ton car about the 1st of December." In anticipation of receipt of the car of meal at the time ordered, the Farmers Store sold a car of Eldorado meal to one of its customers to be delivered October 1st. October 4th this customer canceled the order because the meal was not delivered to him at the time ordered. Rocha thereupon, on October 4th, wrote plaintiff: "This is to advise you, if you have not already sent the car of cocoanut, not to send it for the reason that I cannot sell it because the price has gone down so much that I have not been able to sell any that I have had on hand and from what I see, the price is going down lower and lower. Therefore I ask you to please cancel my order and let me know what you decide to do." The plaintiff received this letter October 6th, at which time it had not yet made the shipment, nor did it at any time make any shipment to the defendants. The plaintiff made no reply to the letter but placed the matter in the hands of its attorneys, who wrote Rocha, according to the latter's testimony, "and says there is a carload to ship, and if I don't accept I have to stand the damages." October 18th Rocha again wrote plaintiff, saying: "Once more I write you asking you what can be done so that I do not lose so much on the cocoanut which I ordered, because I asked you to cancel not so much on account of the price but because I could not sell it on account of Nilsen selling cheaper than I could buy it. . . . See what you can do, so that you do not lose and I do not lose because I do not want a lawsuit with anybody." The parties not having succeeded in reach-

ing an adjustment of the controversy the present action was commenced March 16, 1921. The complaint alleges that "defendants refused to accept said Eldorado meal, and canceled the whole contract." The answer alleges that when plaintiff "failed and refused to carry out said contract . . . and failed to ship said Eldorado Cocoanut Meal on October 1st, 1920, . . . defendant could not use or sell said Eldorado Cocoanut Meal, and refused to accept the same at a date later than said contract called for."

[1] Appellant contends that plaintiff was not under obligation to ship the meal on the 1st of October because in its letter of September 8th it stated that it would ship it "about the 1st of October," and that the "words on or about do not mean exactly." Plaintiff's letter of September 8th, however, is no part of the contract between the parties. The original order provided for "shipping dates to be given later." This provision gave the defendants the option to fix the dates of shipment at any time before the end of the year. When defendants thereafter fixed the date for the first shipment at October 1st, that date became a part of the order as much as if it had been originally inserted therein. Plaintiff's letter of September 8th could not have the effect of modifying the date of shipment so fixed by defendants any more than it could have changed any other term of the order. [2] Of course, defendants were required to give reasonable notice of the time selected for shipment, but it cannot be successfully contended that a notice of twenty-four days was not reasonable.

[3] Time was of the essence of the contract, though not expressly so declared therein. Section 1492 of the Civil Code provides: "Where delay in performance is capable of exact and entire compensation, and time has not been expressly declared to be of the essence of the obligation, an offer of performance, accompanied with an offer of such compensation, may be made at any time after it is due, but without prejudice to any rights acquired by the creditor, or by any other person, in the meantime."

In this case the delay in performance was not "capable of exact and entire compensation," nor was any offer of such compensation made. In a case not unlike this in some respects it is said: "In the contracts of merchants time is of the essence. The time of shipment is the usual and con-

venient means of fixing the probable time of arrival, with a view of providing funds to pay for the goods, or of fulfilling contracts with third persons." (*Norrington* v. *Wright*, 115 U. S. 188 [29 L. Ed. 366, 6 Sup. Ct. Rep. 12, see, also, Rose's U. S. Notes]. For numerous other cases in point, see 13 Rose's U. S. Notes, Rev. ed., 36, and L. R. A. 1916E, 940.)

At the time defendants refused to accept the meal they did not state that their refusal was based on plaintiff's failure to deliver the same at the time directed. Appellant argues that "where a contract is attempted to be canceled and the person attempting said cancellation bases his right thereto on certain objections all other objections which might have been pleaded at the time or stated, are thereby waived." [4] By refusing to accept the shipment after the time ordered the defendants did not cancel or rescind the contract, but stood upon it, and based their rights upon its terms. (*Glock* v. *Howard & Wilson Colony Co.*, 123 Cal. 1, 14 [69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713].)

[5] Plaintiff's position can be no more strongly stated in its favor than by assuming that on the sixth day of October it expressly offered to deliver the car of meal to defendants. Section 2076 of the Code of Civil Procedure provides: "The person to whom a tender is made must, at the time, specify any objection he may have to the money, instrument or property, or he must be deemed to have waived it." Section 1501 of the Civil Code provides: "All objections to the mode of an offer of performance, which the creditor has an opportunity to state at the time to the person making the offer, and which could be then obviated by him, are waived by the creditor, if not then stated." In *Allen* v. *Chatfield*, 172 Cal. 60, 69 [156 Pac. 47], it is said that section 1501 "provides in effect that the failure to object does not waive a defect which the person making the offer could not then obviate if objections were then made thereto. Section 2076 of the Code of Civil Procedure is not in direct conflict with this provision. The provisions of the different codes, with relation to each other, must be construed as parts of the same statute. (Pol. Code, sec. 4480.) This provision of section 1501 is, therefore, to be construed as a qualification of section 2076." It is obvious that on the sixth of October the plaintff could not have obviated

the defect of failure to deliver on the first of the same month.

[6] In the bill of exceptions, certain rulings of the court admitting testimony are assigned as errors. The evidence was properly admitted under the pleadings as they stood at the time of such admission. Plaintiff was thereafter permitted to amend the complaint in such manner as to eliminate the issues to which such testimony was directed. Plaintiff's remedy was a motion to strike out the testimony or to request an instruction to disregard it. In any event, the plaintiff suffered no prejudice from the admission of the testimony because, viewing the whole evidence in the light most favorable to plaintiff and disregarding the testimony to which objection was made, the court would have been warranted in instructing the jury to find for defendants.

The judgment is affirmed.

Plummer, J., and Hart, J., concurred.