[Civ. No. 4735. Second Appellate District, Division Two.—February 15, 1928.]

E. H. FREEMAN ELECTRIC CO. (a Corporation), Appellant, v. JOHN W. MacMILLAN, Respondent.

Bicksler, Smith & Parke for Appellant.

Norman A. Bailie for Respondent.

VALENTINE, J., *pro tem.*—This is an action to recover the alleged purchase price of certain goods described as electrical fixtures, alleged to have been sold by plaintiff to defendant. The trial court found that the defendant was justified in refusing to accept the goods because plaintiff had failed to follow the shipping instructions contained in the orders given by defendant, and rendered judgment accordingly. Plaintiff appeals on the ground that the evidence does not sustain the findings and judgment.

The orders in question contained, among other things, the following instructions: "Ship us via c/o Williams S. S. Co.," "Ship as Elec. Fixtures and mark Bill of Lading 'Part of Car Load,'" and "Boats sail from Philadelphia from Drexel Bldg."—giving the dates. It is admitted that these instructions were not followed and that defendant refused to accept and did not accept the goods.

Appellant does not explain why the goods were not shipped by the Williams Steamship Company nor why the bill of lading was not marked "Part of Car Load." The court found that by reason of such failure to follow shipping instructions said goods, wares, and merchandise were not included in a consolidated car of freight then and there in process of consolidation and shipment to the de-

fendant, and the evidence sustains this finding. In a letter in evidence the defendant explains in detail to plaintiff the reasons for and materiality of the instructions as to shipping by the Williams Steamship Company and as to marking the bill of lading "part of car load." A brief quotation from this long letter will suffice: "I stated previously, which statement should not have been necessary, the writer assembles carloads himself. I use the Williams Steamship Co. as they are a little more elastic than any other boat company. They own all of their ships, therefore are not controlled by the U. S. Shipping Board. It is with much difficulty that the writer is able to assemble a minimum car in the forty-five days allotted by the boat companies and the people like yourself when you disobey shipping orders make me pay the carload rate on the minimum car without securing the entire weight; also, you make me appear to the Steamship Company like I was trying to put something over, as they allow me the carload rate on the shipments on the first boat instead of holding it out on the final boat, and rebating me at that time. In fact, I think it is absolutely rotten for you to disregard shipping instructions when so plainly written. . . . "

The failure or nonperformance of time or place of shipment as set out in a mercantile contract justifies the party aggrieved in repudiating the whole contract. (*Norrington* v. *Wright,* 115 U. S. 118 [29 L. Ed. 366, 6 Sup. Ct. Rep. 12] ; *Tilley* v. *Pope,* 115 U. S. 213 [29 L. Ed. 372, 6 Sup. Ct. Rep. 19].) This same doctrine has been adopted and followed in California. (*Western Ind. Co.* v. *Mason M. etc. Co.,* 56 Cal. App. 355, 360 [205 Pac. 466].) Upon failure of plaintiff to obey shipping instructions he cannot recover damages from defendant. (*Young* v. *Rocha,* 65 Cal. App. 15 [222 Pac. 861].)

From the correspondence between plaintiff and defendant in evidence, and the defendant's testimony, which the trial court evidently believed, it appears that in this case the method of delivery was at least as important as the time, and materially affected the time. The defendant testified: "Why, getting 36,000 pounds on three consecutive boats I was able to secure a rate of about $1.25. If I didn't get 36,000 pounds at least I had to pay about $2.78 or $3.00 a hundred for maybe 30,000 pounds or 27,000 pounds. We had to get

the 36,000 pounds or pay for it anyway.'' This also answers appellant's contention that defendant suffered no damage by reason of plaintiff's failure to obey shipping instructions.

There are nine specifications urged by appellant, all relating to the insufficiency of the evidence. We believe the above covers all the material points raised, without further detailed discussion.

Appellant contends that the court erred in the admission of certain testimony as to the contents of the contract with Williams Steamship Company and the contents of a certain letter. Assuming, for the sake of the argument, that the court erred, the error was harmless and not prejudicial for the reason that the court was bound, under the evidence, to render judgment for defendant under the unavoidable finding that the instructions as to shipping were not followed. The appellant admits that it did not follow the shipping instructions of the defendant. The defendant informed them of the reasons for and the materiality of these instructions. There being evidence to this effect, the findings are sufficiently supported.

We find no other points raised by the appellant which demand discussion, bearing in mind the rule that all intendments must be indulged in favor of the judgment. *Rocha* v. *Garcia*, 203 Cal. 167 [263 Pac. 238].

Judgment affirmed.

Works, P. J., and Thompson, J., concurred.