AMERICAN ARCH CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9564. Promulgated September 26, 1928.

*Valentine B. Havens, Esq., J. Mertens, Jr., Esq.,* and *Elmont B. Hazard, Esq.,* for the petitioner.
*Shelby S. Faulkner, Esq.,* for the respondent.

MEMORANDUM OPINION.

MURDOCK: The Commissioner determined a deficiency of $169,-222.11 for the fiscal year ended February 28, 1917.

A corporation known as the American Arch Co. was incorporated under the laws of Delaware in November, 1914, with an authorized capital stock of $1,000,000. On February 26, 1917, the Secretary of State of the State of Delaware executed a certificate of dissolution pertaining to the above named corporation. On March 1, 1917, a new corporation of the same name was incorporated under the laws

of Delaware. Thereupon the new corporation issued $3,000,000 par value of its capital stock and agreed to assume all of the debts and obligations of the dissolved corporation as of February 28, 1917, in consideration of which all of the assets of the dissolved corporation as of February 28, 1917, were transferred to the new corporation.

Later various returns were filed with the collector of internal revenue for the second district of New York in the name of "American Arch Company, 30 Church Street, New York" for the fiscal year ended February 28, 1917. On each was a statement that the paid up capital stock of the corporation was $1,000,000. Each was signed by Le Grand Parish as president and either by Samuel G. Allen as treasurer or by some one whose signature is illegible as assistant secretary.

The Commissioner of Internal Revenue at various times received and signed three papers, each entitled "Income and Profits Tax Waiver." One was signed "American Arch Company" by Le Grand Parish, President, and two were signed "American Arch Company" by George A. Price, Treasurer. Each bore a seal "American Arch Company Corporate Seal 1917 Delaware." Each purported to extend the time within which the Commissioner of Internal Revenue could do some act in connection with taxes due under returns made by or on behalf of American Arch Co., New York, N. Y., for the year 1917.

The American Arch Co., which was incorporated under the laws of Delaware in 1914, had a seal which was like the seal affixed to the three papers above mentioned except that the figures "1914" appeared on it instead of the figures "1917."

On October 3, 1925, the Commissioner of Internal Revenue mailed a deficiency notice to the American Arch Co., 30 Church Street, New York, N. Y., which was, in part, as follows:

An audit of your income and profits tax return for the fiscal year ended February 28, 1917, has resulted in the determination of a deficiency in tax of $169,122.11 as set forth in Bureau letter dated June 16, 1925.

No Bureau letter dated June 16, 1925, was offered in evidence.

On December 1, 1925, a petition was filed with the United States Board of Tax Appeals appealing from the determination of the deficiency set forth in the above mentioned notice. The petition is entitled "Appeal of the American Arch Company of New York, N. Y." It alleges, *inter alia*, as follows:

The taxpayer was during the fiscal year ended February 28, 1917 a Delaware corporation with its principal office in the City, County and State of New York.

The verification of this petition was signed and sworn to by George A. Price as "Treasurer of the American Arch Company, the taxpayer named in the foregoing petition." Later an amended petition was filed with the permission of the Board. It was entitled "Ameri-

can Arch Company, (New York, N. Y.) Petitioner," purported to appeal from the deficiency notice of October 3, 1925, and contained an allegation similar to the one quoted above. The verification of this petition was signed and sworn to by George A. Price under a statement, in part, as follows:

George A. Price, being duly sworn, deposes and says that he is the Treasurer of the American Arch Company, a corporation organized in Delaware in 1917.

In January, 1920, George A. Price became treasurer and in February, 1925, he became secretary of the American Arch Co. of Delaware incorporated in 1917, and also of a New York corporation of the same or similar name, which was the operating company. Prior thereto, from the dates on which these two companies were incorporated, he had been assistant secretary of each. He was never an officer of the American Arch Co. which was incorporated in 1914, nor did his name appear on any of the returns filed by or on behalf of that corporation for the fiscal year ended February 28, 1917. Le Grand Parish was president of the Delaware corporation incorporated in 1914, and he was likewise president of the Delaware corporation incorporated in 1917. Similarly other men were officers in both of these corporations.

Various issues are raised by the pleadings in this case, one of which is that the time within which the Commissioner might assess or collect the deficiency asserted had expired prior to the mailing of the deficiency notice. A hearing was held limited to this issue, at which time the petitioner attempted to show that the so-called waivers or consents in writing were consents of a Delaware corporation organized in 1917, whereas the deficiency was asserted against a different Delaware corporation organized in 1914, but of the same name. At the conclusion of this hearing the Commissioner of Internal Revenue filed a brief in which he called attention to the fact that the petitions in this case were the petitions of the 1917 corporation and did not purport to be and were not petitions of the 1914 corporation, against which the deficiency had been asserted, and therefore argued that the appeal should be dismissed for lack of jurisdiction. The Board thereupon called the petitioner's attention to this contention of the respondent and set a day for the presentation of any additional evidence which the parties might care to present bearing on any issue raised by the pleadings, on the question of the jurisdiction of the Board, or on the question of whether or not the petitioner is a proper party to petition for a redetermination of the deficiency in question and for the presentation of all matters pertaining to all of the aforementioned issues. Thereafter, at a hearing before the Board, one of counsel for the petitioner stated that he had no further evidence to submit for the petitioner, except a certified copy of

a letter from the Treasury Department which was then admitted in evidence, whereupon counsel for the respondent indicated that he had no further evidence. The case was thereupon submitted on the record theretofore made.

The Commissioner has determined a deficiency for a fiscal year ended February 28, 1917, a period prior to the incorporation of the corporation whose petition is before us. The liability for tax, if any, is the liability of a corporation which ceased to exist before the petitioner came into being. The petitioner is not the taxpayer and therefore is not a proper party to this proceeding. We have no jurisdiction to decide any matter pertaining to its tax liability. *Bisso Ferry Co.*, 8 B. T. A. 1104; *Bond, Inc.*, 12 B. T. A. 339; and *Weis & Lesh Manufacturing Co.*, 13 B. T. A. 144. Cf. also *Gray* v. *National Steamship Co.*, 115 U. S. 116.

Reviewed by the Board.

> *Order of dismissal will be entered accordingly.*